UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LOPEZ, an Individual; and JOSEPHINE LOPEZ, an Individual,<br><br>          Plaintiffs,<br><br>vs.<br><br>MORTGAGE ELECTRONIC, REGISTRATION SYSTEMS AS NOMINEE; FIRST MORTGAGE CORPORATION, a corporation; WILSHIRE CREDIT CORPORATION, a corporation; US BANK, a corporation,<br><br>          Defendants.<br>_____/ | 1:10-cv-00574-AWI-SMS<br><br>**FINDINGS AND RECOMMENDATION RE: DISMISSAL OF ACTION**<br>(Doc. 5) |

On April 2, 2010, Plaintiffs, Martin Lopez and Josephine Lopez, by and through legal counsel, Craig R. Triance, Esq., filed the Complaint[1] and instant action against Defendants, Mortgage Electronic, Registration Systems As Nominee; First Mortgage Corporation; Wilshire Credit Corporation; and, US Bank

---

[1] The Complaint was file-stamped with a NOTICE OF NONCOMPLIANCE pursuant to Local Rule [5-]133(a) & (d)(3), as the document was filed in an improper format, paper instead of electronically, as required by the Eastern District of California. Unless excused by the Court, or by Local Rule, attorneys shall file all documents electronically as of January 3, 2005, in all actions pending before the court. Counsel are responsible for knowing the rules governing electronic filing in the Eastern District.

1

(Doc. 1). Summonses were issued (Docs. 2-4 & 6), as well as Civil New Case Documents, setting a Mandatory Scheduling Conference on June 23, 2010 at 9:15 a.m. before Judge Snyder (Doc. 5). On June 23, 2010, Plaintiffs' counsel did not appear or otherwise contact or communicate with the Court, nor have defendants been served, and, therefore, a Joint Scheduling Report cannot be prepared as required for scheduling the case.

The following is the entire court docket and sum total of the six (6) entries depicting the short history of this case:

| Date Filed | # | Docket Text |
|---|---|---|
| 04/02/2010 | 1 | COMPLAINT against Mortgage Electronic, Registration Systems As Nominee, Wilshire Credit Corporation, US Bank by Martin Lopez, Josephine Lopez. ***FILED NONCOMPLIANCE; PURSUANT TO L.R. 5-133(a)&(d)(3)*** (Attachments: #1 Civil Cover Sheet)(Scrivner, E) (Entered: 04/06/2010) |
| 04/06/2010 | 2 | SUMMONS ISSUED as to *Mortgage Electronic, Registration Systems As Nominee* with answer to complaint due within *21* days. Attorney *Craig Ronald Triance* *Law Offices Of Craig Triance* *515 Cabrillo Park Drive, Suite 301* *Santa Ana, CA 92701*. (Scrivner, E) (Entered: 04/06/2010) |
| 04/06/2010 | 3 | SUMMONS ISSUED as to *US Bank* with answer to complaint due within *21* days. Attorney *Craig Ronald Triance* *Law Offices Of Craig Triance* *515 Cabrillo Park Drive, Suite 301* *Santa Ana, CA 92701*. (Scrivner, E) (Entered: 04/06/2010) |
| 04/06/2010 | 4 | SUMMONS ISSUED as to *Wilshire Credit Corporation* with answer to complaint due within *21* days. Attorney *Craig Ronald Triance* *Law Offices Of Craig Triance* *515 Cabrillo Park Drive, Suite 301* *Santa Ana, CA 92701*. (Scrivner, E) (Entered: 04/06/2010) |
| 04/06/2010 | 5 | CIVIL NEW CASE DOCUMENTS ISSUED; Initial Scheduling Conference set for 6/23/2010 at 09:15 AM in Courtroom 7 (SMS) before Magistrate Judge Sandra M. Snyder. (Attachments: # 1 Consent to Magistrate Judge, # 2 VDRP Form) (Scrivner, E) (Entered: 04/06/2010) |
| 04/08/2010 | 6 | SUMMONS ISSUED as to *First Mortgage Corporation* with answer to complaint due within *21* days. Attorney *Craig Ronald Triance* *Law Offices Of Craig Triance* *515 Cabrillo Park Drive, Suite 301* *Santa Ana, CA 92701*. (Hellings, J) (Entered: 04/08/2010) |

//

/

**HISTORY**

1.  Interestingly, on or about August 19, 2009, these same Plaintiffs, Martin Lopez and Josephine Lopez, by and through the same legal counsel, Craig R. Triance, Esq., initially filed the same or similar Complaint against the same or similar Defendants, Mortgage Electronic Registration Systems as Nominee; First Mortgage Corporation; Wilshire Credit Corporation; Cal-Western Reconveyance Corporation; and, Does 1-10, bearing case number **1:09-cv-01485-LJO-DLB** (Doc. 2), and a Mandatory Scheduling Conference was set for December 1, 2009 at 9:30 a.m. before Judge Beck (Doc. 6).

On December 1, 2009, Plaintiffs' counsel, Craig R. Triance, Esq., failed to appear for the mandatory scheduling conference, failed to file a scheduling conference statement, and failed to file proofs of service of the summons and complaint (Doc. 11). As a result, on December 2, 2009, the Court issued an order to show cause (OSC) why the action should not be dismissed, and set a hearing for December 31, 2009 (Doc. 12).

On December 31, 2009, Plaintiffs' counsel did not appear at the OSC hearing or otherwise contact or communicate with the Court (Doc. 16). As a result, the Court issued Findings and Recommendations that the action be dismissed for Plaintiffs' failure to follow the Court's order and failure to prosecute this action (Doc. 17). On January 19, 2010, the District Court adopted the Findings and Recommendations in full, and ordered that the action be dismissed with prejudice against all defendants (Doc. 18). Judgment was entered (Doc. 19), and the case was closed.

3

1    **In short, Plaintiffs, by and through legal counsel, Craig R. Triance, Esq., re-filed their same or similar dismissed case of 1:09-cv-01485-LJO-DLB under 1:10-cv-00574-AWI-DLB, which their counsel continues to fail to prosecute**.

2.   Interestingly, in <u>Sunny Etukudo v. Portfolio Recovery Associates</u>, 1:09-cv-01472-LJO-SMS, Plaintiff's counsel, Craig R. Triance, Esq., similarly failed to appear for the Mandatory Scheduling Conference on February 24, 2010 at 9:30 a.m. before Judge Snyder, or otherwise contact or communicate with the Court (Doc. 9).  As a result, on March 3, 2010, the Court issued an order to show cause (OSC) requiring Mr. Triance to personally appear on March 19, 2010 at 9:30 a.m. before Judge Snyder to show cause why the case should not be dismissed for lack of prosecution (Doc. 10).

On March 17, 2010, two (2) days prior to the scheduled OSC hearing, Plaintiff's counsel filed an erroneously titled Request for Dismissal pursuant to FRCP 41 (Doc. 11), for which a Clerk's Notice was issued requesting that he correctly re-file the document as a Notice of Voluntary Dismissal (Doc. 12).  On March 19, 2010, at 9:16 a.m., the same day as, and fourteen (14) minutes prior to, the scheduled OSC hearing at 9:30 a.m., Plaintiff's counsel correctly filed a Notice of Voluntary Dismissal (Doc. 13).  As a result, on March 19, 2010, at 9:18 a.m., twelve (12) minutes prior to the scheduled OSC hearing at 9:30 a.m., Judge O'Neill ordered this case dismissed and closed (Doc. 14).

//

/

4

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions ... within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3)

the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal.

### RECOMMENDATION

Accordingly, the Court RECOMMENDS that this entire action be DISMISSED, without prejudice against all defendants, for Plaintiffs' failure to follow the Court's order(s) and rules and failure to prosecute this action (once again).

The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the Court in the efficient administration of this case, and all cases, all counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these

Rules if it is to efficiently handle its ever increasing caseload. Sanctions, including dismissal, could be imposed for failure to follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

These Findings and Recommendation are submitted to the Honorable Anthony W. Ishii, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **ten (10) days** from the date of service of these Findings and Recommendation, Plaintiffs may file with the court written objections to such proposed Findings and Recommendation. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: June 29, 2010**          /s/ Sandra M. Snyder
                         UNITED STATES MAGISTRATE JUDGE